**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Charles Butler, | Case No. 2:23-cv-00566-APG-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Progressive Direct Insurance Company, | |
| Defendant. | |

On April 9, 2024, the Court held a hearing on Defendant's first motion for a protective order. The Court granted the motion in part and denied in part. The Court also directed the parties to meet and confer regarding the scope of specific questions Plaintiff intended to ask Defendant's 30(b)(6) witness as it pertained to Topic No. 18. The parties met and conferred and have not come to a resolution. In turn, Defendant filed this second motion for a protective order. ECF No. 37. Plaintiff responded and Defendant replied. ECF Nos. 39, 40.

## I.    LEGAL FRAMEWORK

Federal Rule of Civil Procedure 26(c) governs motions for protective order. In turn, the Court may, for good cause "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(A). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). Arguments against discovery must be supported by "specific examples and articulated reasoning." *E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Local Rule 7-2(d) provides that "the failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."

## II.    ANALYSIS

Defendant requests a protective order precluding Plaintiff from asking the 30(b)(6) witness questions regarding interrogatories 11 and 12, and request for production no. 2. In essence, these discovery requests concern incentive and bonus programs for Defendant's claims handling employees or agents in Nevada. Mirroring the objections to these requests, Defendant argues that this topic is not relevant to the claim and not proportional to the needs of the case as it would require two witnesses (one of them located outside of Nevada). Defendant also argues that the topic is overbroad as the questions regarding bonuses and incentives are not sufficiently limited to Butler's case. Moreover, Defendant argues this information is privileged as it constitutes a trade secret. Lastly, Defendant argues that Plaintiff's latest notice of deposition includes topics this court has previously denied.

Plaintiff's response does not address any of Defendant's arguments. Instead, Plaintiff airs his discontent about the (long) process to get this witness deposed. As to the substantive arguments made by Defendant, Plaintiff refers the Court to his "response to the original motion which addressed the same issues. See, ECF 18 at P.4 L. 17-P.5 L.2." ECF No. 39 at 7.[1]

First, it is not the Court's job to dig through the record in an attempt to find out what Plaintiff's responses might be. Indeed, "judges are not like pigs, hunting for truffles buried in briefs." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). "Nor are they archaeologists searching for treasure" as they are not "obligated to paw over files in order to make a party's claim." *Krause v. Nev. Mut. Ins. Co.,* No. 2:12-CV-00342-JCM, 2014 WL 99178, at *2 (D. Nev. Jan. 3, 2014). Worse yet, the document Plaintiff referenced (ECF No. 18) does not respond to the lack of relevance, overbreadth, and privilege issues concerning bonuses/incentives. As a result, Defendant's motion is granted as unopposed under LR 7-2(d).

/ / /

/ / /

---

[1] The Court will not consider Defendant's request for costs regarding the deposition. No points and authorities accompany the request, and it also violates LR IC 2-2(b).

**III.      CONCLUSION**

IT IS THEREFORE ORDERED Defendant's motion at ECF No. 37 is GRANTED. The topics described in this order (as well as the ones previously denied) must not be asked of the 30(b)(6) witness.


DATED: September 13, 2024


_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE