UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES BUTLER,<br><br>    Plaintiff<br>v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>    Defendant | Case No.: 2:23-cv-00566-APG-BNW<br><br>**Order Granting Leave for Plaintiff to File a Rule 56(d) Motion** |

Plaintiff Charles Butler, an assignee of decedent Terri Lynn Morrison, sues Morrison's insurer, defendant Progressive Direct Insurance Company. Butler alleges Progressive breached its policy and violated its fiduciary duty to Morrison by failing to pay out Morrison's $50,000 policy limit following a 2016 car accident between Morrison and Butler.[1] He also alleges that Progressive acted in bad faith by failing to adequately inform Morrison of Butler's settlement offer, and that it violated the Nevada Unfair Claims Practices Act (NUCPA) by failing to timely effectuate a settlement.

Progressive moves for summary judgment, arguing that Morrison failed to cooperate with Progressive, which was a condition precedent to suing Progressive under the policy. Progressive contends that because Butler is Morrison's assignee, his contractual claims are precluded by Morrison's failure to satisfy this condition. It also argues that Butler's claims fail because the complaint is poorly pleaded, and the undisputed facts do not support Butler's claims. Butler responds that Morrison's non-compliance as a policyholder should not impact his ability to

---

[1] According to Progressive, Morrison rear-ended another vehicle before swerving into Butler's vehicle. ECF No. 28-6 at 11.

recover the full policy limit as an injured, third-party assignee. He also requests additional discovery under Federal Rule of Civil Procedure 56(d) to determine whether evidence that Morrison cooperated with Progressive exists. Progressive replies that Butler is not entitled to additional discovery as he failed to adhere to Rule 56(d)'s requirements.

I grant Butler leave to file a proper Rule 56(d) motion and affidavit to comport with that rule. I defer deciding on Progressive's summary judgment motion until Butler files the brief and affidavit.

## I.  LEGAL STANDARD

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

Under Rule 56(d), if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." A party seeking additional discovery under Rule 56(d) must show that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 662 (9th Cir. 2020) (simplified).

## II. ANALYSIS

Progressive argues that despite numerous and significant efforts over multiple years to contact Morrison prior to her death, she was largely unresponsive and wholly uncooperative. Specifically, it maintains that she never submitted an affidavit upon which Butler conditioned settlement of his personal injury claim. Progressive asserts that this violated a condition precedent to suing Progressive under the policy, and that Butler, as Morrison's assignee, is subject to the same defense. It also argues that it attempted to timely settle with Butler for the full policy amount and the only reason it could not was because of Morrison's failure to cooperate. Thus, Progressive argues that Butler is not entitled to any additional amount beyond the $15,000 that it previously paid to Butler.[2]

Butler responds that as an injured, third-party assignee, he is not subject to the consequences of Morrison's noncompliance with the policy terms, and he is entitled to the policy

---

[2] Nevada's absolute liability law requires an insurer to pay an injured third-party the statutory minimum coverage amount of $15,000 notwithstanding an insured's failure to comply with the policy after injuring another person. *Torres v. Nev. Direct Ins. Co.*, 353 P.3d 1203, 1207-08 (Nev. 2015) (en banc).

3

maximum of $50,000. He argues that a genuine dispute over Morrison's cooperation and Progressive's bad faith exists, especially as Progressive "attempts to mitigate its financial responsibility by attributing blame to a deceased individual who cannot contest these allegations." ECF No. 30 at 11. Butler also requests additional discovery under Rule 56(d) for any evidence that Morrison cooperated with Progressive and complied with the terms of her insurance policy. He maintains that Progressive has repeatedly failed to produce its Rule 30(b)(6) witness who could shed light on the matter and filed this motion only "after the court limited deposition topics but required Progressive to produce [its witness] for deposition." *Id.* at 14. Butler asserts that additional discovery to depose Progressive's witness is critical to determine for himself (rather than taking Progressive at its word) whether Morrison complied with the contract, given that Morrison is now deceased and Progressive produced a redacted claim log.

Progressive responds that it has not been purposely obstructing Butler's attempts to depose Progressive's Rule 30(b)(6) witness, and that the redactions on the claim log relate to trade secrets, mental impressions, and confidential attorney-client information connected to the underlying tort case. It also argues that Butler is not entitled to Rule 56(d) relief because he has failed to submit an affidavit identifying the specific facts that further discovery would find and why those facts would preclude summary judgment. Regardless, Progressive asserts that a deposition of its 30(b)(6) witness would still fail to raise a genuine issue of material fact as it contends that Morrison's non-cooperation is "well documented." ECF No. 33 at 10.

Butler has failed to meet Rule 56(d)'s requirements. He hopes that additional discovery would yield instances of Morrison cooperating with Progressive. Those facts would be essential to opposing summary judgment because if Morrison cooperated, then there may be a genuine

dispute over whether Butler as her assignee is precluded from suing Progressive under Morrison's policy. However, he has not set this out in affidavit form, nor provided a foundation for his belief that the facts exist.

Out of an abundance of caution, I grant Butler leave to file a proper Rule 56(d) motion with the required affidavit fulfilling the Rule 56(d) requirements. The motion should lay out in affidavit form (1) the specific facts that Butler hopes to uncover from further discovery, (2) that the sought-after facts exist, and (3) that the facts are essential to oppose summary judgment. I will defer deciding Progressive's motion for summary judgment until Butler submits this motion.[3]

## III. CONCLUSION

I THEREFORE ORDER that Charles Butler has until December 6, 2024 to file a motion and affidavit fulfilling the Rule 56(d) requirements. Progressive Direct Insurance Company may file a response up to 14 days after Butler files the motion. Butler may file a reply up to seven days after Progressive files its response.

DATED this 21st day of November, 2024.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] It is unclear whether Butler deposed Progressive's Rule 30(b)(6) witness after summary judgment briefing was completed. The parties disagreed on the scope of questions that Butler could ask the witness and that dispute was not resolved by the time Progressive filed its reply brief on summary judgment. *See* ECF Nos. 16, 18, 20, 21, 33, 37, 39, 40. Judge Weksler's September 13, 2024 order established constraints under which Butler should have proceeded to take the deposition. ECF No. 46 at 2. If Butler has since deposed the Rule 30(b)(6) witness, he should note in his motion what he has learned that might support his Rule 56(d) motion.